ORIGINAL

D + F

C (M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

STEPHEN HINDS, ,

                          Plaintiff,

    -against-

**MEMORANDUM & ORDER**
04-CV-3722 (FB)(LB)

PATHMARK STORES, INC.,

                        Defendant.

-------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
STEPHEN HINDS, *Pro Se*
703 Miller Avenue
Brooklyn, NY 11207

*For the Defendant:*
JONATHAN A. WEXLER, ESQ.
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue
23rd Floor
New York, NY 10022

**BLOCK, District Judge:**

    *Pro se* plaintiff, Stephen Hinds ("Hinds"), brought this action against Pathmark Stores, Inc. ("Pathmark"), contending that Pathmark engaged in employment discrimination on account of his race and violated the terms of a collective bargaining agreement ("CBA"). *See* Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17. Pathmark moves to dismiss the action for failure to state a claim. Pathmark's motion is denied.

**I.**

    Hinds's Complaint in its entirety states:

    I Stephen Hinds [am] black and Anthony LaFaro [("LaFaro")]

1

is white. I have been [an] employee for Pathmark since July 29[,] 1993 and Anthony LaFaro since Dec[ember] 25[,] 1995. I am charging Pathmark ... [with] unfair labor practices[,] racial discrimination methods pertaining to promotions[,] pay increases and other benefits[, and] willful violations of the alleged Equal Pay Act[.] I have been downgrade[d] and call[ed] Loman.

Compl. at 4. In a letter submitted in opposition to Pathmark's motion to dismiss, Hinds supplemented the allegations in the Complaint, contending that his weekly pay was less than LaFaro's and that Hinds was "den[ied] ... the right to a fair and accurate schedule[,]" which "was given to ... LaFaro." Hinds's Letter in Opp. to Pathmark's Mot. to Dismiss at 2. Hinds also noted that the CBA between Pathmark and the labor union, of which Hinds and LaFaro are members, provides that "all promotions [and] scheduling ... decisions ... . must be based on seniority." *Id.* Thereafter, Pathmark asserted that LaFaro received a higher wage only because "LaFaro *attained* the title of Meat Manager at Pathmark, while [Hinds] is classified as a Butcher." Pathmark's Reply Mem. of Law, at 2 (emphasis added).

## II.

A court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] will entitle him to relief." *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2d Cir. 2001). The Court accepts as true a plaintiff's factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002). Where, as here, a party is proceeding *pro se*, the Court must "read the [*pro se* papers] liberally, and ... interpret them to raise the strongest arguments that

they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998). Accordingly, in addition to the allegations included in the Complaint, "the [C]ourt should consider allegations contained in the other court filings of a *pro se* plaintiff . . . ." *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *see also Torrico v. Int'l Business Machines Corp.*, 213 F. Supp. 2d 390, 399 n.4 (S.D.N.Y. 2002) ([A]s long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss . . . ."). The Court may dismiss the claim only if, assuming all facts alleged to be true, the plaintiff still fails to plead the basic elements of a claim.

Pathmark argues that Hinds has not alleged that he suffered an adverse employment action, as required for a claim of racial discrimination under Title VII. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003). Adverse employment actions include, *inter alia*, "refusal to promote, demotion, [and] reduction in pay . . . ." *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999); *see also Rigodon v. Deutsche Bank Securities, Inc.*, 2004 WL 2471859 (S.D.N.Y. Nov. 1, 2004) ("[A]dverse work schedule modifications can be adverse employment actions in themselves."). Drawing all reasonable inferences in Hinds's favor, the Court construes the Complaint as asserting that Pathmark demoted Hinds. Alternatively, in light of Pathmark's submission that LaFaro "attained" a position that paid more than Hinds's, it appears that Pathmark promoted LaFaro, even though LaFaro had less seniority than Hinds and the CBA mandated that promotions be accorded based on seniority. The Court, therefore, concludes that Hinds has sufficiently asserted that he suffered an adverse employment action, namely a demotion or a refusal to promote.

3

Pathmark also argues that the Complaint does not give sufficient notice of the claim and the ground upon which it rests, as required by Fed. R. Civ. Pro. 8(a). The Complaint, however, satisfies the simplified pleading standard announced by the Supreme Court in *Swierkiewicz v. Sorema, N.A.*, which requires only "fair notice of what the plaintiff's claim is and the grounds upon which it rests." 534 U.S. 506, 512 (2002). Furthermore, Hinds has not merely made conclusory allegations, but rather has asserted facts in support of his claim of discrimination. *See Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (Even when a complaint is sufficient to meet Rule 8(a)'s notice requirements, a Rule 12(b)(6) motion will "lie to permit each particular defendant to eliminate those causes of action as to which no set of facts has been identified that support a claim against him."); *see also Straker v. Metropolitan Transit Authority*, 333 F. Supp. 2d 91, 102 (E.D.N.Y. 2004) ("Conceptually, the Court believes that there is a distinction to be drawn between fair notice of what the plaintiff's claim is and the grounds upon which it rests; conclusory allegations cannot satisfy the latter." (internal quotation omitted)).

## CONCLUSION

Accordingly, Pathmark's motion to dismiss Hinds's Title VII claim is denied.

**SO ORDERED.**

Dated: June 2, 2005
       Brooklyn, New York

FREDERIC BLOCK
United States District Judge

4